■ THOMAS MILLER, Respondent, v. GENEIVE A. COOPER, Appellant.— In a negligence action to recover damages for personal and property injuries, defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County, dated May 24, 1971, as denied the following portions of her motion: (1) to set aside plaintiff's notice of application for a default judgment and an assessment of damages and (2) to open defendant's default in answering the complaint and for leave to serve an answer to the complaint. Order reversed insofar as appealed from, with $50 costs and disbursements to plaintiff, and said portions of defendant's motion granted. Defendant's time to serve an answer to the complaint is extended until 10 days after service of a copy of the order to be entered hereon, with notice of entry thereof. The record shows that defendant's default in pleading was not willful and that plaintiff has a questionable case on the merits. Under these circumstances, it was an improvident exercise of discretion to deny defendant the relief here in question (Schwan v. B. MCK Contr., 35 A D 2d 962; Carrano v. City of New York, 34 A D 2d 980). Hopkins, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■ REALTY DEVELOPMENT MAINTENANCE CORP., Respondent, v. VALUE REALTY CORP., Appellant, et al., Defendants.— In an action to foreclose a mortgage on real property, defendant Value Realty Corp. appeals, as limited by its notice of appeal and its brief, from so much of an order of the Supreme Court, Kings County, dated November 20, 1970, as, on reargument, adhered to the original decision conditionally granting said defendant's motion to vacate its default in answering the complaint and to permit it to serve an answer. Order modified so as to add thereto a provision that the adherence to the original decision is amended so as to change the condition therein to one that defendant Value Realty Corp. shall pay all arrears on only the second and third mortgages on the subject premises. The answer must be served and said arrears payments must be made within 20 days after entry of the order hereon. As so modified, order affirmed insofar as appealed from, without costs. Upon the making of such payments and service of the answer, the judgment of foreclosure and the sale held under the judgment are vacated, without prejudice to any application which plaintiff may be disposed to make at Special Term, for inclusion of expenses incurred by it in connection with the sale, if and when it shall become entitled to taxation of costs in this action. In our opinion, it was an improvident exercise of discretion for Special Term to disregard substantial rent receipts in the hands of plaintiff and the receiver and to condition the vacatur of appellant's default upon payment by appellant of arrearages on all three mortgages upon the subject premises. These receipts should be applied to the first mortgage payments and operating expenses. Munder, Acting P. J., Shapiro, Gulotta, Brennan and Benjamin, JJ., concur.

■ ANTHONY RICCO, Appellant, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent, et al., Defendant.— Judgment of the Supreme Court, Kings County, entered January 21, 1971, affirmed. Plaintiff's freedom from contributory negligence has not been demonstrated. Appeal from decision dismissing complaint at close of plaintiff's case dismissed. No appeal lies from a decision. Respondent is awarded a single bill of costs to cover both appeals. Rabin, P. J., Hopkins, Munder, Gulotta and Brennan, JJ., concur.